Dean, 115 N. Y. 556, 22 N. E. 261.    Our conclusion, therefore, is that the plaintiff's motion should be denied.

Plaintiff's exceptions overruled, motion for a new trial denied, and judgment ordered for the defendants upon the verdict, with costs. All concur.

---

### NEW YORK, L. & W. RY. CO. v. ERIE R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.    June 18, 1898.)

RAILROADS—CONNECTIONS—CONTIGUOUS ROADS.

   Laws 1890, c. 565, § 5, gives every railroad corporation the power to "cross, intersect, join, or unite" its road with any other road before constructed.    Section 12, as amended by Laws 1892, c. 676, provides for connections between intersecting roads, and the appointment of commissioners by the court to determine the point and manner of such connection should the companies be unable to agree; and Laws 1890, c. 565, § 35, gives a limited power to the board of railroad commissioners to fix terms upon which a crossing shall be made.    *Held*, that these provisions do not apply exclusively to roads which cross or intersect, but that two roads contiguous to each other at a certain place, and extending east and west, and a third road, whose southern terminus is a few feet north of the north road, are connecting roads.

Appeal from special term.

Suit by the New York, Lackawanna & Western Railway Company against the Erie Railroad Company impleaded with the Bath & Hammondsport Railroad Company.    From a judgment dismissing the petition, petitioner appeals.    Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John G. Milburn, for appellant.

Adelbert Moot, for respondents.

FOLLETT, J.    The main lines of the New York, Lackawanna & Western Railway Company and the Erie Railroad Company extend through the village of Bath, substantially east and west, and their rights of way are contiguous for a considerable distance in that village.    The line of the former corporation is south of the line of the latter company.    The southern terminus of the line of the Bath & Hammondsport Railroad Company is in the village of Bath, and on the north side of the Erie Railroad Company, and contiguous thereto. For many years the Erie Railroad Company permitted an interchange of freight and cars between the New York, Lackawanna & Western Railway Company and the Bath & Hammondsport Railroad Company, but for the last year and a half the Erie Railroad Company has refused to permit an interchange of cars, freight, and passengers between said corporations.    The petitioner seeks to have commissioners appointed to fix the point at which, and the manner in which, a connection shall be made between its road and the line of the Bath & Hammondsport Railroad Company in the village of Bath, and near to the place where a connection has existed for some years.    To make the connection proposed by the petitioner will require the construction of about 200 feet of track; but whether the commission to be

appointed will select the point proposed, or some other point, is a matter within its discretion, and the new track to be laid may be a little more or less than 200 feet in length.    The Erie Railroad Company resists this application upon the ground that the roads of the petitioner and of the Erie Railroad Company are not connecting and intersecting roads within the railroad law of this state.    It is urged in behalf of the defendant that only roads connect or intersect when their lines as originally mapped, laid out, or constructed, cross, or at least intersect, each other.    At the precise point where the petitioner asks to have the new track leave its main line for the purpose of crossing the track of the defendant there is a strip of land about 30 feet in width, which, when this proceeding was begun, was owned by individuals.    This I regard as an unimportant fact, for the commissioners appointed may not locate the connection, if one shall be given, at the point proposed by the petitioner; but, if they should, the fact that the land of an individual must be acquired before connection can be made is not a matter which concerns this defendant.    The principal question involved in this case is whether the three railroads are intersecting or connecting roads within chapter 565 of the Laws of 1890 (the railroad law).    Section 4 of this act provides:

"Sec. 4. Subject to the limitations and requirements of this chapter, every railroad corporation, in addition to the powers given by the general and stock corporation laws, shall have power: * * * (5) To cross, intersect, join, or unite its railroad with any other railroad before constructed at any point on its route and upon the ground of such other railroad corporation, with the necessary turnouts, sidings, switches and other conveniences in furtherance of the objects of its connections."

Section 12 of the act, as amended by chapter 676 of the Laws of 1892, provides:

"Sec. 12. Every railroad corporation, whose road is or shall be intersected by any new railroad, shall unite with the corporation owning such new railroad in forming the necessary intersections and connections, and grant the requisite facilities therefor.    If the two corporations cannot agree upon the amount of compensation to be made therefor or upon the line or lines, grade or grades, points or manner of such intersections and connections, the same shall be ascertained and determined by commissioners, one of whom shall be a practical civil engineer and surveyor, to be appointed by the court, as is provided in the condemnation law.    Such commissioners may determine whether the crossing or crossings of any railroad before constructed shall be beneath, at, or above the existing grade of such railroad, and upon the route designated upon the map of the corporation seeking the crossing or otherwise. All railroad corporations whose roads are or shall hereafter be so crossed, intersected or joined, shall receive from each other and forward to their destination all goods, merchandise and other property intended for points on their respective roads, with the same dispatch as, and at a rate of freight not exceeding the local tariff rate charged for similar goods, merchandise and other property, received at or forwarded from the same point for individuals and other corporations."

Section 35 of this act provides:

"Sec. 35. Every railroad corporation whose road, at or near the same place, connects with or is intersected by two or more railroads competing for its business, shall fairly and impartially afford to each of such connecting or intersecting roads equal terms of accommodation, privileges and facilities in the transportation of cars, passengers, baggage and freight over and upon its roads, and over and upon their roads, and equal facilities in the inter-

change and use of passenger, baggage, freight and other cars required to accommodate the business of each road, and in furnishing passage tickets to passengers who may desire to make a continuous trip over any part of its roads and either of such connecting roads. The board of railroad commissioners may, upon application of the corporation owning or operating either of the connecting or intersecting roads, and upon fourteen days' notice to the corporation owning or operating the other road, prescribe such regulations as will secure, in their judgment, the enjoyment of equal privileges, accommodations, and facilities to such connecting or intersecting roads as may be required to accommodate the business of each road, and the terms and conditions upon which the same shall be afforded to each road. The decision of the commissioners shall be binding on the parties for two years, and the supreme court shall have power to compel the performance thereof by attachment, mandamus or otherwise."

It is apparent, I think, that these provisions are not exclusively applicable to cases where the routes of two independent roads, as mapped and laid out, cross or intersect each other, but they were designed to embrace cases where the public interests require an interchange of freight and passengers between roads whose lines are contiguous, or so near each other, in villages and cities, that the public interests require that the roads should grant facilities for the interchange of cars, freight, and passengers.

Section 12 seems to me to grant power to the court to compel a connection between roads already constructed, the routes of which, as mapped, do not cross or intersect each other, but are so near that the public interest requires an interchange of traffic. Railroads are authorized to be constructed and operated for the purpose of facilitating commerce and traffic between different parts of the state, but not for the purpose of hindering commerce and traffic. That these three roads are so situated that they are connecting roads, within the meaning of the railroad law, is demonstrated by the fact that for years there has been an actual physical connection between them at or near the point proposed for a permanent connection for the interchange of cars, freight, and passengers. Under the twelfth section this court has power to appoint commissioners to determine the point and manner at which a connection shall be made, and under the thirty-fifth section a limited power is granted to the board of railroad commissioners to determine the terms upon which a crossing shall be made.

The judgment should be reversed, with costs, and the motion granted, with costs, with leave to the petitioner to apply at special term for the appointment of commissioners. All concur.